**SO ORDERED.**

**SIGNED June 9, 2015.**



_____
ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE

_____

### UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 14-51580 |
| PORT AGGREGATES, INC., | CHAPTER 11 |
| *DEBTOR* | JUDGE ROBERT SUMMERHAYS |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW
### IN SUPPORT OF ORDER CONFIRMING CHAPTER 11 PLAN OF
### REORGANIZATION OF PORT AGGREGATES, INC. DATED MAY 4, 2015,
### AS IMMATERIALLY MODIFIED ON MAY 6, 2015

The Court held the Confirmation Hearing on June 9, 2015 at 11:00 a.m. C.S.T., and considered Confirmation of the Chapter 11 Plan of Reorganization of Port Aggregates, Inc. Dated May 4, 2015, as Immaterially Modified on May 6, 2015 (the "Plan") (ECF Doc. 198), filed on May 6, 2015 by the debtor-in-possession, Port Aggregates, Inc. ("Port Aggregates").[1]

---

[1] Any capitalized term used herein, but not otherwise specifically defined, shall have the meaning ascribed to it in the Plan.

The Court also considered the Disclosure Statement in Support of Chapter 11 Plan of Reorganization of Port Aggregates, Inc. Dated May 4, 2015, as Immaterially Modified on May 6, 2015 (the "Disclosure Statement") (ECF Doc. 206) and approved by the Court pursuant to the Order and Notice Approving Disclosure Statement, Fixing Time for Filing Acceptances or Rejections of Plan, Fixing Date for Confirmation Hearing, and Requiring a Tabulation of Voting entered on May 13, 2015 (the "Order Approving Disclosure Statement") (ECF Doc. 207).

Appearing at the Confirmation Hearing on behalf of certain parties-in-interest were attorneys: (1) Louis M. Phillips of the law firm of Gordon, Arata, McCollam, Duplantis & Eagan, LLC on behalf of Port Aggregates; (2) H. Kent Aguillard of the law firm M. Terrance Hoychick, A.P.L.C. & H. Kent Aguillard; and (3) Laura F. Ashley of the law firm of Jones Walker LLP, on behalf of Whitney Bank.

Also present in open court and whose testimony was proffered during the Confirmation Hearing were: (1) Andrew Lee Guinn, Sr. ("Andy Guinn"), President of Port Aggregates; Adam Guinn, corporate officer related to operations; (3) James Maddox, Sr. ("Jim Maddox"), Chief Financial Officer of Port Aggregates; and (4) Mark C. Comeaux, CPA, accountant for Port Aggregates.  No parties present in Court objected to the proffered testimony of Andy Guinn, Adam Guinn, Jim Maddox and Mark Comeaux.  Thus, the Court accepted the proffered testimony of Andy Guinn, Adam Guinn, Jim Maddox and Mark Comeaux in support of Confirmation of the Plan.  Further, Mr. Phillips also submitted into evidence several exhibits:

| Exhibit No. | Description |
|---|---|
| 1 | The Disclosure Statement with exhibits attached thereto (ECF Doc. 199) and the Amended disclosure Statement (filed without exhibits) (ECF Doc. 206) (without separate copy and submission). |
| 2 | The Plan with exhibits attached thereto (ECF Doc. 197) and the Immaterially Modified Plan (filed without exhibits) (ECF Doc. 198). |
| 3 | The ballot tabulation with the exhibits thereto (the "Ballot Tabulation") (ECF |

| | | |
|---|---|---|
| | | Doc. 220) filed by Port Aggregates, along with the original ballots. |
| | 4 | The Claim Schedule Regarding Effective Date payments (ECF Doc. 221) filed by Port Aggregates. |
| | 5 | The Consolidated financial statements of Port Aggregates as of April 30, 2015. |
| | 6 | The Financial Projections (separately from the Disclosure Statement) attached as Exhibit F to the Disclosure Statement. |
| | 7 | The Regions Bank Term Sheet. |
| | 8 | The Loan Commitment from The Bank, regarding the refinance commitment concerning the Western Real Estate, LLC loan relationship with Whitney Bank. |
| | 9 | Agreed Form Of Stock Redemption Agreement |
| | 10 | Notice of hearing on Confirmation (ECF Doc. 207 |
| | 11 | Certificate of Service of notice of hearing (ECF Doc. 211 |
| | 12 | Plan Support Agreement |

(collectively, the "Confirmation Exhibits") (ECF Doc.). No parties present in Court objected to the introduction and admission of the Confirmation Exhibits into evidence. Accordingly, the Confirmation Exhibits were admitted into evidence by the Court.

Upon consideration of the foregoing, and for oral reasons assigned in open Court on June 9, 2015, the Court determined to Confirm the Plan. The Court hereby issues these Findings of Fact and Conclusions of Law in Support of Order Confirming Chapter 11 Plan of Reorganization of Port Aggregates, Inc. Dated May 4, 2015, as Immaterially Modified as of May 6, 2015 (these "Findings and Conclusions") to supplement the oral findings made in open Court. Accordingly, the Court finds and concludes as follows:

1. **Jurisdiction**. This Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. § 1334. Venue is proper before this Court pursuant to 28 U.S.C. § 1408. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code.

2. **Notice**. The Disclosure Statement, the order approving the Disclosure Statement, the form of ballot and the Plan were transmitted and served in compliance with the Bankruptcy Rules and this Court's orders, and service thereof was adequate and sufficient to satisfy due process. All parties, including, without limitation, those taxing authorities, attorneys general, and other governmental units entitled to notice of the hearing to consider confirmation of the Plan and the deadline for submitting ballots and filing and serving objections to confirmation of the Plan, received adequate notice of the Plan and the Confirmation Hearing in accordance with the Bankruptcy Rules and have had an ample opportunity to appear and be heard with respect thereto. No other or further notice is necessary or required.

3. **Judicial Notice**. This Court takes judicial notice of the docket maintained in the Chapter 11 Case by the Clerk, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at hearings held before the Court in the Chapter 11 case.

4. **Compliance with the Applicable Provisions of the Bankruptcy Code**. As set forth below, Port Aggregates has met its burden of proving the elements required under the Bankruptcy Code for Confirmation of the Plan by a preponderance of the evidence.

5. **The Plan Complies with Section 1129(a)(1)**. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. § 1129(a)(1).

6. **Proper Classification of Claims and Equity Interests**. The Plan designates eight (8) Classes of Claims and Equity Interests against Port Aggregates. The Claims or Equity Interests placed in each Class are substantially similar to other Claims or Equity Interests, as the case may be, in such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests created under the Plan,

and such Classes do not unfairly discriminate among Holders of Claims or Equity Interests. Thus, the Plan satisfies 11 U.S.C. §§ 1122 and 1123(a)(1).

7. **Specification of Unimpaired Classes**. The Plan specifies that Classes 1 (Whitney Bank Secured Claim), 2 (Trinity Equipment Finance Claim), 3 (Unsecured Claims), and 4 (Guarantor Claims) are Unimpaired under the Plan and are deemed to have accepted the Plan, thereby satisfying 11 U.S.C. § 1123(a)(2) of the Bankruptcy Code.

8. **Specification of Treatment of Impaired Classes**. Article III of the Plan designates each of Class 5 (Termination Penalty Claims), Class 6 (Voting and Non-Voting Interest Sellers and Related Released Parties' Claims), Class 7 (Voting and Non-Voting Sellers' Equity Interests), and Class 8 (Residual Owners' Equity Interests) as Impaired and specifies the treatment of Claims and Equity Interests in those Classes, thereby satisfying 11 U.S.C. § 1123(a)(3).

9. **Equal Treatment Within Classes**. The Plan provides for the same treatment for each Claim or Equity Interests in a particular Class unless the Holder of a particular Claim or Equity Interests in such Class has agreed to a less favorable treatment of its Claim or Equity Interests, thereby satisfying 11 U.S.C. § 1123(a)(4).

10. **Implementation of Plan**. The Plan provides adequate and proper means for implementation of the Plan, thereby satisfying 11 U.S.C. § 1123(a)(5).

11. **Non–Voting Securities**. The Plan provides that the charter documents of Port Aggregates shall be amended to prohibit the issuance of non-voting equity securities.

12. **Identity and Compensation of Officers and Directors**. The Plan provides, the identity and compensation of and for the officers, directors and any insider as of the Confirmation and as of the Effective Date and the identity and compensation is consistent with

Page **5** of **13**

14-51580 - #225 File 06/09/15 Enter 06/09/15 16:43:47 Main Document Pg 5 of 13

public policy and properly described. Accordingly, the Plan satisfies the requirements of 11 U.S.C. § 1123(a)(7) and 1129(a)(5).

13. **Rule 3016(a)**. The Plan is dated and identifies the entity submitting it, thereby satisfying Bankruptcy Rule 3016(a).

14. **Additional Plan Provisions**. The provisions of the Plan are appropriate and not inconsistent with all other applicable provisions of the Bankruptcy Code.

15. **The Plan Complies with Section 1129(a)(2)**. Port Aggregates has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. § 1129(a)(2).

16. **Proper Debtor and Plan proponents**. Port Aggregates is the proper debtor pursuant to 11 U.S.C. § 109 and the proper proponent of the Plan pursuant to 11 U.S.C. § 1121(c).

17. **Compliance With Applicable Bankruptcy Code Provisions**. Port Aggregates has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court.

18. **Compliance With Solicitation Requirements**. Port Aggregates has complied with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules in transmitting the solicitation materials and in soliciting and tabulating votes on the Plan.

19. **Plan Proposed in Good Faith**. Port Aggregates has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying 11 U.S.C. § 1129(a)(3). In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Case and the arms-length negotiation related to the formulation of the Plan. The Chapter 11 Case was filed and the Plan was proposed

with the legitimate and honest purposes of reorganizing Port Aggregates and expeditiously making distributions to Port Aggregates' Creditors and a restrudcturing of the equity ownership of Port Aggregates. The Plan reflects the results of these negotiations and is reflective of the interests of all of the Estate's constituencies.

20. **Payments for Services or Costs and Expenses**. Except as otherwise provided or permitted by the Plan, any payment made or to be made by Port Aggregates for services or for costs and expenses in or in connection with Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying 11 U.S.C. § 1129(a)(4), or is payable only at the discretion of Reorganized Port Aggregates after the Effective Date.

21. **No Rate Changes**. The Plan does not propose any rate changes that are subject to governmental regulation. Thus, 11 U.S.C. § 1129(a)(6) is not applicable and is deemed satisfied.

22. **Best Interests of Creditors**. The Plan satisfies 11 U.S.C. § 1129(a)(7) as each Holder of a Claim or Equity Interest in an Impaired Class either has Accepted the Plan or will receive or retain under the Plan, on account of such Claim or Equity Interests, property of a value, as of the Effective Date of the Plan, that is not less than the amount that it would receive if Port Aggregates was liquidated under chapter 7 of the Bankruptcy Code.

23. **Treatment of Administrative Claims**. The Plan's treatment of Allowed Administrative Expense Claims, set forth within Article II(A) satisfies the requirements of 11 U.S.C. § 1129(a)(9).

24. **Acceptance of at Least One Impaired Class**. The Plan satisfies 11 U.S.C. § 1129(a)(10). As evidenced by the Ballot Tabulation and ballots introduced at hearing

Class 6 is an accepting Impaired Class without the vote of James Guinn, the insider within said Class.

25. **Feasibility**. The Plan satisfies 11 U.S.C. § 1129(a)(11) because, as evidenced by the financial statements, cash flow projections, Regions Bank and The Bank term sheets and the proffered testimony of Andy Guinn, Adam Guinn, Jim Maddox and Mark Comeaux, confirmation of the Plan is not likely to be followed by liquidation or the need for further financial reorganization. Thus, the Plan presents a workable framework of reorganization and there is a reasonable probability that the provisions of the Plan will be performed. The Plan is found and determined to be feasible.

26. **Payment of Certain Fees**. All fees payable on or before the Effective Date under 28 U.S.C. § 1930 either have been paid or will be paid on the Effective Date and thereafter until the issuance of a final decree and order closing this case. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(12).

27. **Principal Purpose**. The principal purpose of the Plan is neither the avoidance of taxes nor of Section 5 of the Securities Act of 1933, 15 U.S.C. § 77e, *et seq*. The Plan, therefore, satisfies the requirements of 11 U.S.C. § 1129(d).

28. **Authorization to Implement Plan.** Upon the entry of the Confirmation Order, the Reorganized Port Aggregates shall be authorized to take or cause to be taken all corporate actions necessary or appropriate to implement all provisions of, and to consummate, the Plan and to execute, enter into, or otherwise make effective all documents arising in connection therewith (as they may be amended or modified as contemplated or permitted by the Plan) prior to, on, and after the Effective Date, and to effectuate Closing as authorized and provided for in the Plan and as specifically authorized by the Confirmation Order. The approvals

and authorizations specifically set forth in the Confirmation Order are not intended to limit the authority of the Reorganized Port Aggregates to take any and all actions necessary or appropriate to implement, effectuate, and consummate any and all documents or transactions contemplated by the Plan or the Confirmation Order.

29. **Releases By, Under and Pursuant to The Plan Support Agreement Confirmed as of and Through Closing.** The Debtor and Debtor Related Parties Release and the Voting and Non-Voting Interest Sellers and Related Released Parties Release as defined in the Plan Support Agreement (collectively the "Releases") shall be fully binding and effective and are incorporated into and made a part of the Plan as if copied and added to the Plan and shall relate to and cover the time up to and as of and through Closing, without the need for any further act by any Person or Entity, with the act of Closing to constitute full and final confirmation of the Releases by the Parties and Intervenors.

30. **Good Faith Solicitation**. Based upon the record before the Court, Port Aggregates and its respective officers, directors, managers, members, affiliates, associates, employees, agents, attorneys, accountants, and other professionals have acted in good faith with respect to, and in compliance with, applicable provisions of the Bankruptcy Code in soliciting votes on the Plan and such solicitation is hereby determined to have been in good faith and in compliance with the applicable provisions of the Bankruptcy Code and the foregoing are entitled to the protections afforded by 11 U.S.C. § 1125(e) and the exculpatory protections set forth in Article IX of the Plan. The Court expressly finds that (i) the Plan Support Agreement is a valid plan support agreement consistent with and valid under the provisions of the Bankruptcy Code and applicable Bankruptcy Rules, (ii) the execution of the Plan Support Agreement by Port Aggregates (and all other Parties and Intervenors) is approved, (iii) the Plan Support Agreement

did not and does not constitute a Solicitation, and (iv) Confirmation is premised upon valid Solicitation by Port Aggregates of voting as provided for in the Plan and under the Bankruptcy Code and Bankruptcy Rules.

31. **Plan Support Agreement and Plan**. In all respects the Plan shall supersede the Plan Support Agreement, but notwithstanding the superseding effect of the Plan, the Plan Support Agreement shall remain in full force and effect with respect to all terms and conditions not otherwise incorporated into or dealt with by the Plan and which are not in conflict with the terms of the Plan.

32. **Voluntary Action; No Duress**. As each of the Parties and Intervenors (i) made his/her/its own decision to execute the Plan Support Agreement based upon his/her/its own independent assessment of documents and information available to him/her/it, as deemed appropriate, (ii) read all of the terms of the Plan Support Agreement, and (iii) had an opportunity to consult with counsel of his/her/its own choosing or voluntarily waived such right, such Parties and Intervenors entered into the Plan Support Agreement voluntarily and without duress.

33. **Restrictions of Transfer are Binding**. The restrictions on transfer set forth within Section 3(b) of the Plan Support Agreement are fully binding upon the Parties and Intervenors made subject thereto in the Plan Support Agreement.

34. **Incorporation of Plan Support Agreement Notice Provisions**. The notice provisions of Section 11 of the Plan Support Agreement are incorporated into and made a part of the Plan as if copied and added to the Plan and shall be binding upon the Parties and Intervenors.

35. **Exculpation and Releases**. The Disclosure Statement, the Plan, and the record of the Chapter 11 case, including, without limitation, the evidence admitted into the

record and the proffered testimony at the Confirmation Hearing, are sufficient to support the exculpations and releases provided for in Article IX of the Plan. Such exculpation and releases are fair and reasonable.

36. **Transfers, Treatment, Plan and Plan Support Agreement Releases; Good Faith and Equivalent Value**. The Court specifically finds and concludes that: (i) the consideration given and to be exchanged as provided in the Plan and the Plan Support Agreement (including without limitation the Purchase Price, redemptions/sales of the Equity Interests and Western Real Estate Interests, the Boulder Interest Reallocation, BP Claim Note, tax distributions, Tail Rights, guaranty satisfactions, lawsuit, Lawsuit and contested matters dismissals, Guaranty Claim Payment(s), Termination Penalty Payment, treatment of Claim Withdrawals, treatment of Classes 4, 5, 6, 7 and 8, and Releases granted, all as described in the Plan and Plan Support Agreement) and the overall terms and conditions of the Plan, at Closing, shall constitute a contemporaneous or substantially contemporaneous exchange of equivalent value for the rights, Claims, and interests held by each of the Holders of Claims and Equity Interests dealt with in Classes 4 through 8 and by any and all Parties and Intervenors; (ii) all Parties and Intervenors entered into the Plan Support Agreement and voted for the Plan in good faith; (iii) no Party or Intervenor, nor this Court requires any further information, facts, research, evidence, or third party analysis or opinion in connection with the Parties' and Intervenors' decision to execute the Plan Support Agreement or in connection with Confirmation, and (iv) no Party or Intervenor shall have the right to benefit in any manner, either directly or indirectly, from the assertion by any person or entity that the Plan Support Agreement, the effectiveness of the Plan Support Agreement and/or the Plan, and/or the receipt by any Party or Intervenor of consideration to be exchanged pursuant to the Plan or Plan Support Agreement, shall constitute

or shall have constituted less than reasonably equivalent value for the consideration given pursuant to the Plan Support Agreement and/or the Plan, or a preferential payment with respect to any debts or obligations resolved pursuant to the Plan Support Agreement and the Plan.

37. **Objections to Confirmation**. No objections to Confirmation of the Plan were filed prior to the Confirmation Hearing.

38. **Cramdown**. Because the Plan was unanimously accepted by all Persons and Entities required under the Plan to vote to accept or reject the Plan the provisions of Section 1129(b) are not applicable.

39. **Effectiveness of Confirmation Order**. The Court finds and concludes that notwithstanding Bankruptcy Rules 3020(e), 6004(h), and 6006(d), or any other provision of the Bankruptcy Code, the Bankruptcy Rules, or Fed. R. Civ. P. 62(a), the Confirmation Order shall be effective, final and executory immediately upon its entry and Port Aggregates and the Reorganized Port Aggregates shall be authorized to consummate the Plan immediately after entry of this Confirmation Order. The Confirmation Order shall expressly waive and abrogate any requirement under Bankruptcy Rules 3020(e), 6004(h), and 6006(d), or any other provision of the Bankruptcy Code, the Bankruptcy Rules, or Fed. R. Civ. P. 62(a), staying the effectiveness of Confirmation of the Plan for fourteen (14) days or for any other period of time.

40. **Authorization to submit; Court Review and Effect of Findings and Conclusions**. The Court has authorized counsel for Port Aggregates to submit these Findings and Conclusions, but the Court has independently reviewed these Findings and Conclusions and has determined that they should be issued as the ruling of the Court as Findings and Conclusions that supplement the Confirmation Order and this Court's ruling that the Plan is confirmable. Therefore these findings of Findings and Conclusions constitute the Court's findings of fact and

conclusions of law pursuant to FED. R. BANKR. P. 7052, made applicable to this proceeding pursuant to FED. R. BANKR. P. 9014. To the extent any findings of fact constitute conclusions of law, they are adopted as such. To the extent any conclusions of law constitute findings of fact, they are adopted as such.

# # #

Respectfully submitted by:

**GORDON, ARATA, MCCOLLAM, DUPLANTIS & EAGAN, LLC**

By: **/s/ Louis M. Phillips**
Louis M. Phillips (La. Bar No. 10505)
Peter A. Kopfinger (La. Bar No. 20904)
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Email: lphillips@gordonarata.com
Email: pkopfinger@gordonarata.com

AND

Gerald H. Schiff (La. Bar No. 11775)
Armistead M. Long (La. Bar No. 33949)
400 East Kaliste Saloom Road, Suite 4200
Lafayette, Louisiana 70508
Email: gschiff@gordonarata.com
Email: along@gordonarata.com
Phone: (337) 237-0132

AND

Patrick "Rick" M. Shelby (La. Bar No. 31963)
201 St. Charles Avenue, 40th Floor
New Orleans, Louisiana 70170-4000
Email: pshelby@gordonarata.com
Telephone: (504) 582-1111

*Attorneys for Port Aggregates, Inc.*